2009R00124
ESW/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>MICHAEL J. MCGRATH, JR.<br><br>*Defendant.* | Hon. Katharine S. Hayden, U.S.D.J.<br><br>Criminal No. 09-436<br><br>**Order Modifying Amount of Restitution Owed and Appointing Special Master for Restitution Purposes** |

**WHEREAS**, on February 24, 2011, the Judgment was entered in this case, which, among other things, directed Defendant Michael J. McGrath, Jr. "to make restitution in the amount of "$70,929,843.51";

**WHEREAS**, the amount of restitution owed by Defendant McGrath is, in fact, approximately $139,648,807.70; and

**WHEREAS**, the process of the amount of each victim's losses, and the appropriate allocation of restitution funds among victims is likely to entail substantial factual and legal analysis;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT** Defendant McGrath shall make restitution in the amount of $139,648,807.70, or such other amount as is determined through the Final Order of Restitution to be entered in this case.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT**, pursuant to Title 18, United States Code, Section 3664(d)(6):

1. Edward P. Bond, who is the Liquidating Trustee in parallel bankruptcy proceedings commenced by U.S. Mortgage Corp. and CU National

Mortgage, LLC (*In re U.S. Mortgage Corp.*, No. 09-14301 (RG) (Bankr. N.J.), is appointed as Special Master for the Court in this case. The Special Master is hereby authorized and directed to use all reasonable efforts to expeditiously:

    a.    identify the victims who suffered losses in consequence of the defendants' offenses;

    b.    determine the amount of each victim's losses;

    c.    determine the appropriate allocation of limited restitution funds among victims; and

    d.    recommend to the Court a proposed Final Order of Restitution, which shall specify:

        i.    the full amount of restitution owed to each victim;

        ii.    each victim's proportional share of any funds then available to be paid out in restitution;

        iii.    a formula or method for determining each victim's proportional share of any funds collected for restitution from Defendant McGrath thereafter; and

        iv.    a plan for distributing any funds available for restitution.

2.    In carrying out these responsibilities, the Special Master may, if deemed to be necessary for these purposes and consistent with the Stipulation and Order Providing Procedures for the Resolution of Victims' Claims and Distribution of the Victims' Fund:

    a.    provide notice of victims' entitlement to restitution through mailings, public advertisements and similar means;

b. solicit information from potential victims and persons with records reflecting victims' losses;

c. recommend to the Court a claims filing and verification procedure and supervise any such procedure after receiving approval of the Court; and

d. retain, with the Court's prior approval, such professional and administrative support staff as may be required to assist the Special Master.

3. With the Court's approval, the Special Master shall have the authority to issue subpoenas to compel the production of information relevant to victims' losses.

4. Subject to the Court's approval, and as provided for in the Stipulation and Order Providing Procedures for the Resolution of Victims' Claims and Distribution of the Victims' Fund, the Special Master, along with any retained personnel, shall be paid reasonable compensation and expense reimbursement out of the funds available for restitution..

**ORDERED** this 4th day of October, 2012.

Hon. Katharine S. Hayden
United States District Judge